IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DEVON FRED MORELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 3:11-CV-969-TMH |
| ) | [WO] |
| LT. PETREY, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Chambers County Detention Facility in LaFayette, Alabama, when he filed this 42 U.S.C. § 1983 action, complains that he was subjected to excessive force while incarcerated at the detention facility.[1] Specifically, Plaintiff complains that the named defendant - Lieutenant Milon Petrey - grabbed him around his throat on October 18, 2011, without provocation. The court liberally construes Plaintiff as requesting injunctive relief and such other relief deemed "right" based on Defendant's conduct.

Pursuant to the orders of the court Defendant filed an answer, a special report, and supporting evidentiary materials addressing Plaintiff' claims for relief. In these documents, Defendant asserts this case is due to be dismissed because Plaintiff failed to exhaust an administrative remedy available to him at the detention facility as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendant maintains that

---

[1] During the pendency of this action Plaintiff was released from custody.

Plaintiff failed to exhaust the administrative remedies available to him at the Chambers County Detention Facility via the facility's inmate grievance procedure as he failed to file a grievance about the allegation made the basis of his complaint. (*Court Doc. No. 18, Blankenship, Campbell, Hancock, Lockhart, Petrey, and Steward Affidavits; Exhs. 4-7*.)

Pursuant to the orders entered in this case and governing case law, the court deems it appropriate to treat Defendant's written report as a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (citations omitted) ("[A]n exhaustion defense - as in [this] case - is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'"). The court explained to Plaintiff the proper manner in which to respond to a dispositive motion. (*Doc. No. 19*.) This case is now pending on Defendant's motion to dismiss. Upon consideration of the motion, the evidentiary materials filed in support thereof, and Plaintiff's response, the court concludes that Defendant's motion to dismiss is due to be granted and this case dismissed for Plaintiff's failure to exhaust an available administrative remedy.

## I. DISCUSSION

Plaintiff submitted an inmate request form on October 18, 2011, wherein he wrote "you bastards start eating what ya'll have been feeding us." Detention facility personnel summoned Plaintiff to the booking area of the jail to discuss his inmate request. When Plaintiff arrived at the booking area, several jail officials were present, including Defendant

Petrey. Plaintiff complains that Defendant Petrey proceeded to approach him and grabbed him around his neck in a chokehold. Defendant Petrey then released Plaintiff and started pushing on him encouraging Plaintiff to "do something" to him (Lt. Petrey). (*Court Doc. No. 1* at 5.)  In his dispositive motion, Defendant Petrey denies Plaintiff's allegation of a constitutional violation. Defendant further asserts that this case is due to be dismissed because Plaintiff failed to exhaust the administrative remedy provided by the Chambers County Detention Facility prior to filing this complaint as required by the directives of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  (*See Court Doc. No. 18, Blankenship, Campbell, Hancock, Lockhart, Petrey, and Steward Affidavits; Exhs. 2-7*.) Federal law directs this court to treat Defendant's response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion.  *Bryant*, 530 F.3d at 1374, 1375.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative

remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "he PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 90-91, 93. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id.* at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate

who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

The record in this case reflects that the Chambers County Detention Facility provides a grievance procedure for inmate complaints. (*Court Doc. No. 18, Blankenship, Campbell, Hancock, Lockhart, Petrey, and Steward Affidavits and Exh. 4*.) This administrative remedy is available to all Chambers County Detention Facility inmates including Plaintiff during his confinement at the jail during the relevant time period. (*Id.*) Defendant contends that a search of Plaintiff's jail file reflects that he did not file an inmate grievance regarding the incident of excessive force alleged in the complaint nor did he voice any complaints to Defendant or other facility personnel about such matter. (*Id. at Exhs. 2, 6*.)

In response to Defendant's dispositive motion, Plaintiff admits that he did not file a complaint or grievance about the matter made the subject of his complaint. He contends that he did not want to explain what had happened with Defendant Petrey with anyone else preferring instead to write to the Clerk of the Chambers County Circuit Court "asking how to go about it." He further asserts he was scared to submit another inmate request wherein he would ask about "trying to get a warrant . . . on [Defendant Petrey]." (*Court Doc. No. 22, Moreland Affidavit at* 2.)

Here, Defendant has supported his affirmative defense of lack of exhaustion with evidence that upon Plaintiff's admission to the Chambers County Detention Facility in August 2011 he received a copy of the facility's inmate rule book which contains information

regarding the rules and procedures applicable to inmates housed in the jail. (*See Doc. No. 18, Exh. 1*.) The inmate rule book describes the rules and procedures an inmate is to follow while incarcerated at the jail including the procedure involved in filing a grievance. (*Id. at Exh. 4.*) According to the rules and regulations governing the jail's inmate grievance process, an inmate may report a grievance on an inmate grievance form. (*Id.*) Grievances are investigated and answered within seventy-two hours from the time the grievance is received, excluding weekends and holidays, and are first investigated by the shift supervisor. (*Id.*) An inmate not satisfied with the initial answer to his or her grievance may appeal that response to the Administrator of the detention facility. (*Id.*) Inmates may also address a grievance directly to the Sheriff by placing a grievance in a box checked daily for such grievances and which are taken to directly to the Sheriff for appropriate action. (*Id. at Blankenship, Campbell, Hancock, Lockhart, Petrey, and Steward Affidavits*.)

     In this case, the evidence affirmatively shows that Plaintiff did not utilize the administrative remedies available to him at the Chambers County Detention Facility with respect to his claim against the named defendant. *See Bock*, 549 U.S. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). The court has carefully reviewed the pleadings, documents, and records filed in this matter and finds that Plaintiff has failed to make a colorable showing that the Chambers County Detention Facility's grievance process

was unavailable to him during his incarceration there or that he was otherwise denied access to those administrative procedures while confined at the jail. Consequently, Plaintiff has failed to produce any evidence establishing a genuine dispute of fact sufficient to defeat Defendant's dispositive motion based on his failure to exhaust an available administrative remedy which is a precondition to proceeding in this court on his claim. *Woodford*, 548 U.S. at 87-94; *see Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies.").

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant's motion to dismiss (*Doc. No. 18*) be GRANTED to the extent Defendant seeks dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Chambers County Detention Facility with regard to the allegation presented in the complaint;

2. This case be DISMISSED with prejudice under 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an available administrative remedy prior to filing suit; and

3. No costs be taxed herein.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 12, 2013**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of October, 2013.

                                        /s/ Wallace Capel, Jr.
                                        WALLACE CAPEL, JR.
                                        UNITED STATES MAGISTRATE JUDGE